IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN FLETCHER, | No. 2:23-CV-0229-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| STEPHANIE CLENDENIN, et al., | |
| Defendants. | |

        Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Stephanie Clendenin, Director of the Department of State Hospitals; (2) Brandon Price, Executive Director of Department of State Hospitals, Coalinga; (3) John/Jane Doe #1, an unidentified Department of State Hospitals-Coalinga employee; (4) John/Jane Doe #2, an unidentified federal clerk for the U.S. Eastern District Courthouse; (5) John/Jane Doe #3, an unidentified federal Operations Supervisor for the U.S. Eastern District Courthouse; and (6) John/Jane Does #4 through #25, unidentified state or federal employees, actors, agents, and/or representatives. See ECF No. 1, pgs. 3-4. All Defendants are sued in both their individual and official capacities. Id. at 10-11. Plaintiff alleges three claims for relief that hinge on the same facts but are brought under various state and federal laws. See generally id. at 11-20. Plaintiff alleges violations of: (1) the California Confidentiality of Medical Information Act (CCMIA); (2) the Fourteenth Amendment; and (3) Article I of the California Constitution. See id. at 5-7. Plaintiff brings his first and third claims against all defendants, but his second claim against only Defendants Clendenin, Price, and Doe #1. See id. at 19-20.

Generally, Plaintiff alleges that his rights were violated due to a "data breach," by which his protected health information (PHI) was wrongfully "requested, received, viewed, stored, and possibly circulated." See id. at 12. Plaintiff became aware of this data breach on September 3, 2021, when he received a letter including a "Breach at DSH-Coalinga FAQ" information sheet. See id. at 12. Plaintiff states that the "letter received by Plaintiff revealed that

DSH-C employees provided to District court employees the following confidential data (but not limited to) as follows: first and last name, case number, admission date, treatment unit number, legal commitment, and gender." Id. at 14.

Plaintiff alleges that "[a]ccording to information provided by the DSH-C Privacy Officer, Defendants Doe #2 and Doe #3 of the District courthouse alleged that the PHI data requested of DSH-C was necessary to verify In Forma Pauperis (IFP) eligibility for the public benefit of a fee waiver." Id. Plaintiff then states that he "has not at any time filed a federal claim or requested a fee waiver for the same, nor has he signed a Release of Information authorizing DSH-C to disclose, or the District Court to receive, his confidential PHI or any other personal identifying information or documentation." Id. at 15.

Plaintiff alleges that Defendants Clendenin and Price "are responsible for Plaintiff's harm by their failure to train, to properly supervise, ensure oversight, and by departing from the generally accepted patterns and practice for the supervision of employees and the operation and regulation of a governmental entity for care and treatment of mental health patients." Id. at 16. Plaintiff also states that "Doe #2 and Doe #3, federal courthouse personnel, by improper and negligent acts and omissions requested the receipt of Plaintiff's PHI; and state employee Defendants at DSH-C, by equally improper and negligent disclosure of said PHI on multiple occasions, have therein colluded and acted in concert to violate the rights of Plaintiff and others similarly situated at DSH-Coalinga." Id.

Plaintiff argues that the defendants violated the CCMIA "by negligently releasing, receiving, and/or circulating this information by data breach on four (4) known separate occasions. Defendants' actions were objectionably unreasonable and furthered no legitimate governmental interest." Id. at 19. He further argues that Defendants Clendenin, Price, and Doe #1 violated his Fourteenth Amendment rights "because the release of the protected health information . . . deprived Plaintiff of protections that were afforded to others situated at DSH-Coalinga and the four (4) other State Hospital facilities." Id. Lastly, Plaintiff argues that the defendants, via this data breach, "violated Plaintiff's liberty interest in clearly established medical privacy rights under the California Constitution." Id. at 20.

## II.  DISCUSSION

Plaintiff's complaint is defective as against the two named defendants – Clendenin and Price – who hold supervisory roles because Plaintiff has not alleged sufficient facts to establish their liability.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff alleges that Clendenin and Price are responsible for failure to adequately train and supervise subordinates.  As explained above, a supervisor is only liable for his or her own conduct and there is no respondeat superior liability under § 1983.  Plaintiff will be provided leave to amend to allege facts showing how Clendenin and Price are personally responsible.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 24, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE