1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ALLAN FLETCHER,                         No.  2:23-CV-0229-DMC-P

12                    Plaintiff,

13        v.                                   ORDER

14    ROXANNE GONZALEZ,                        and

15                    Defendant.               FINDINGS AND RECOMMENDATIONS

16

17            Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

18    U.S.C. § 1983.  Pending before the Court is Defendant's unopposed motion to dismiss.  See ECF

19    No. 22.

20            In considering a motion to dismiss, the Court must accept all allegations of

21    material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

22    Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

23    v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

24    738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

25    ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

26    395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

27    factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

28    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

2          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

3  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

4  notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

5  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

6  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

7  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

8  allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The

9  complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at

10  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

11  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

13  it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting

14  Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

15  defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

16  to relief." Id. (quoting Twombly, 550 U.S. at 557).

17          In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

18  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

19  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

20  documents whose contents are alleged in or attached to the complaint and whose authenticity no

21  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

22  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

23  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

24  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

25  1994).

26          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

27  amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

28  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

# I. BACKGROUND

### A.    Procedural History

Plaintiff initiated this action with a pro se complaint filed on October 18, 2021. See ECF No. 1.  On October 6, 2022, the matter was transferred from the Fresno Division of this Court to the Sacramento Division.  See ECF No. 8.  On July 6, 2023, the Court issued a screening order dismissing the complaint with leave to amend.  See ECF No. 11.  Plaintiff filed his first amended complaint on August 31, 2024.  See ECF No. 12.  Thereafter, the Court determined that the first amended complaint was appropriate for service on Defendant Gonzalez.  See ECF No. 14.  Summons was returned executed on October 1, 2024.  See ECF No. 18.  Defendant filed the pending motion to dismiss on December 20, 2024.  See ECF No. 22.  Plaintiff has not filed an opposition.

### B.    Plaintiff's Allegations

Plaintiff names Roxanne Gonzalez as the sole defendant.  See ECF No. 12, pg. 2. Defendant Gonzalez is alleged to be the Operations Supervisor in this Court's Fresno Division Clerk's Office.  See id.  She is sued in her official and individual capacities.  See id.  Plaintiff alleges that, on July 28, 2021, Defendant illegally obtained a patient roster from Coalinga State Hospital, where Plaintiff is housed as a civil detainee, in violation of his right to privacy of patient information under state law. See id. at 3-6.


# II. DISCUSSION

In her unopposed motion to dismiss, Defendant argues: (1) she is not subject to suit under 42 U.S.C. § 1983; and (2) she is entitled to judicial immunity.  See ECF No. 22-1.

### A.    Applicability of § 1983

Defendant argues first that she cannot be held liable under § 1983 because she is a federal official not acting under color of state law.  See ECF No. 12-1, pg. 3.  Defendant's argument is well taken.  See Hollett v. Browning, 711 F. Supp. 1009, 1012 n.2 (E.D. Cal. 1988) (holding that section 1983 "ha[s] no relevance to [an] action against the United States and federal employees"); see also Stonecipher v. Bray, 653 F.2d 398, 401 (9th Cir. 1981) (affirming dismissal

3

of § 1983 claim against IRS officers "because the IRS is a federal agency and its agents performed no acts under color of state law"); Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) (holding that "[plaintiff]'s complaint is invalid on its face in its reliance upon § 1983 as a cause of action against federal government actors"); Uptergrove v. United States, No. 1:08-cv-1800, 2009 WL 2244185, at *3 (E.D. Cal. July 27, 2009) ("Section 1983, upon which the complaint was grounded, does not permit actions against federal employees or officials").

Moreover, as Defendant notes, Plaintiff's complaint asserts that liability under § 1983 exists because Defendant violated state law. See ECF No. 12; see also ECF No. 22-1, pg. 3. The Court agrees. Plaintiff cannot assert liability under § 1983 based on violations of state law. See Miller v. City of Scottsdale, 88 F.4th 800, 805 (9th Cir. 2023); Medrano v. City of L.A., 973 F.2d 1499, 1505 (9th Cir. 1992).

**B.    Judicial Immunity**

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987). This immunity includes court clerks. See Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987).

As Defendant notes in her unopposed motion to dismiss, two other plaintiffs have filed suit in this court against Defendant Gonzalez on nearly identical facts as those alleged in this case. Both cases were dismissed based on judicial immunity. See Williams v. Dep't of State Hosps.-Coalinga, No. 2:23-cv-878, ECF 11, at 3 (E.D. Cal. Nov. 20, 2023), adopted, ECF 14, at 2

4

(E.D. Cal. Mar. 19, 2024); Roberson v. Dep't of State Hosps.-Coalinga, No. 2:23-cv-1095, ECF

10, at 3 (E.D. Cal. Oct. 10, 2023).  The Court will recommend the same disposition here.

## III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1.    It is ORDERED that the Clerk of the Court is directed to randomly assign a

District Judge to this case.

2.    It is RECOMMENDED that Defendant's unopposed motion to dismiss,

ECF No. 22, be granted and that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with these findings and recommendations, any party may file written objections

with the Court.  Responses to objections shall be filed within 14 days after service of objections.

Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated:  March 21, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE